NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GISELA ARZUAGA JOYCE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　Defendant. | Civil Action No.: 2:15-cv-390 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.　INTRODUCTION**

This matter comes before the Court by way of the motion [ECF No. 19] of Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") to dismiss Plaintiff's Amended Complaint [ECF No. 18] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion to dismiss Plaintiff's Amended Complaint is granted without prejudice.

**II.　BACKGROUND**

The following facts are accepted as true for purposes of the instant motion. Plaintiff received a $138,456.00 loan from non-party Weichert Financial Services on June 29, 2012. See Amended Complaint, ECF No. 18, ¶ 8. The loan was memorialized by a note executed on the same date and secured by a purchase money mortgage. See Bender Cert. Exhibit B, ECF No. 19-4. Plaintiff used the mortgage loan to purchase a property at 260 East Second Avenue in Roselle,

1

New Jersey. Plaintiff's mortgage loan was assigned to Defendant after she had defaulted on her loan payments, see Amended Complaint ¶ 12. Defendant instituted a foreclosure action against Plaintiff on December 30, 2013. See Bender Cert. Exhibit C, ECF No. 19-5. Before the foreclosure action, Plaintiff "made multiple efforts in the hope of securing an affordable loan modification and, ultimately, to retain the home . . . ." See Amended Complaint ¶ 13. Plaintiff did not respond to the foreclosure complaint, and a default was entered in March 2014, with a final judgment entered against Plaintiff in August 2014. See Bender Cert. Exhibit D, ECF No. 19-6. The property was then sold at auction on June 9, 2015. See Amended Complaint ¶ 14.

Plaintiff filed her Complaint [ECF No. 1] in this Court on January 20, 2015, with causes of action for Declaratory Relief (Count I), Preliminary Injunctive Relief (Count II), Breach of Contract (Count III), Negligence (Count IV), Gross Negligence (Count V), Negligence Per Se (Count VI), and Violation of the Fair Debt Collection Practices Act ("FDCPA") (Count VII). Because it appeared several pages were missing from Plaintiff's original Complaint, the Court dismissed the Complaint without prejudice to the Plaintiff to refile a true and complete copy of the Complaint [ECF No. 15]. Plaintiff has since filed the Amended Complaint [ECF No. 18], and Defendant has moved to dismiss for lack of subject matter and for failure to state a claim upon which relief may be granted. See Motion to Dismiss, ECF No. 19. After requesting an extension of time to respond, Plaintiff timely filed a brief in opposition to Defendant's motion. See Plaintiff's Response in Opposition ("P's Br. in Opp."), ECF No. 23.

### III. LEGAL STANDARD

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. Ballentine v. U.S., 486 F.3d 806, 810 (3d. Cir. 2007) (citing St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S.

Virgin Islands, 218 F.3d 232, 240 (3d. Cir. 2000)); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). One key aspect of this case-or-controversy requirement is standing. Lance, 549 U.S. at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pennsylvania, 757 F.3d 347, 360 (3d Cir. 2014) (citing Davis v. FEC, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d. Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff must demonstrate a plausible claim of standing. See id.

Additionally, for a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the

Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

The gravamen of Plaintiff's Amended Complaint is that Defendant denied Plaintiff's loan modification requests and failed to conduct a face-to-face interview with Plaintiff before initiating the foreclosure proceeding. See generally Amended Complaint. Plaintiff alleges that because the United States Department of Housing and Urban Development mandates that mortgagors with branch offices within 200 miles of the mortgaged properties "make a reasonable attempt to conduct a face-to-face meeting with [p]laintiffs before three (3) full monthly installments due on the loan went unpaid or after default of a repayment plan," Defendant wrongfully foreclosed on Plaintiff's property. See Amended Complaint ¶¶ 23-26.

### A. This Court Lacks Subject Matter Jurisdiction Pursuant To The Rooker-Feldman Doctrine

Defendant contends that Plaintiff's Amended Complaint is "nothing more than a collateral

attack on the Foreclosure Action [in state court] that she already lost." See Memorandum of Law in Support of Motion to Dismiss (D's MOL in Supp.) at 1, ECF No. 19-1. The Court agrees that it lacks subject matter jurisdiction to hear Plaintiff's case pursuant to the Rooker-Feldman doctrine, as doing so would impermissibly require the Court to review and reverse a judgment rendered by the state court.

The Rooker-Feldman doctrine divests federal courts of subject matter jurisdiction where the requested relief would reverse a prior state court decision or void its ruling. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1257. There are four factors used to determine whether the Rooker-Feldman Doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Here, all four factors are met. First, a foreclosure proceeding was instituted against Plaintiff in state court, which resulted in a final foreclosure judgment against Plaintiff. Second, the gravamen of Plaintiff's Amended Complaint is that Defendant wrongfully brought the foreclosure proceeding, either because it denied Plaintiff's requests for loan modifications and/or because it failed to conduct face-to-face interviews with the Plaintiff. Third, the final foreclosure judgment was entered against Plaintiff in August 2014, see Bender Cert. Exhibit D, which was before the Plaintiff instituted the action before this Court in January 2015. And fourth, Plaintiff's Amended Complaint now seeks this Court's review to invalidate the foreclosure proceeding that was fully litigated in state court. Namely, Plaintiff alleges that Defendant failed to comply with

certain required conditions before instituting the foreclosure action, and, thus, the foreclosure was wrongful.

Last, although Plaintiff argues that the Rooker-Feldman doctrine is inapplicable here because "Defendant's foreclosure judgment in State Court was obtained by fraud[,]" P's Br. in Opp. at 5, Plaintiff has not alleged fraud as a cause of action in her Amended Complaint. Therefore, Plaintiff's Amended Complaint is dismissed for lack of subject matter jurisdiction.

### B. The FDCPA Does Not Apply To Defendant As A Creditor

Additionally, to the extent that the Court would not be barred from hearing Plaintiff's FDCPA claim (Count VII) under the Rooker-Feldman doctrine because, conceivably, that alleged injury was not caused by the state court judgment, Plaintiff's FDCPA claim is nonetheless dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This is because the FDCPA applies only to "debt collectors" and not to "creditors." See 15 U.S.C. § 1692a. A debt collector is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). A creditor is:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). Defendant contends that it is a creditor, because it is "the current holder of the note and mortgage at issue" and "not engaged in the business of collecting debt on behalf of others . . . ." D's MOL in Supp. at 23. The Court agrees that, in the context of foreclosing on Plaintiff's former property, Defendant acted not as a debt collector but as a creditor. See also

Zlupko v. Washington Mut. Bank, No. CIV.A. 02-CV-1179, 2004 WL 2297400, at *2 n.1 (E.D. Pa. Oct. 13, 2004) (noting mortgage lenders and mortgage servicers are generally exempt from the FDCPA). Thus, Defendant's alleged conduct does not fall within the ambit of the FDCPA, and Plaintiff's claim for a violation of the FDCPA (Count VII) is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### C. Declaratory And Injunctive Relief Are Inappropriate Here

Moreover, to the extent that Plaintiff seeks relief under the Declaratory Judgment Act, the Court denies that request as there is no active foreclosure action. The Declaratory Judgment Act, provides: "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But, before a federal court may grant a declaratory judgment, there must exist a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987). The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination. Id.

Here, there is no immediate controversy warranting declaratory judgment as there is no active foreclosure action. Further, a request for a declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests. Rather, it is an attempt by Plaintiff to seek legal advice from the Court as to whether Defendant complied with certain regulations before initiating the foreclosure action in state court.

Nor is Plaintiff entitled to injunctive relief. Federal Rule of Civil Procedure 65 permits district courts to grant injunctive relief in the form of a temporary restraining order. Fed. R. Civ.

P. 65(b). Injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." Empire United Lines v. Baltic Auto Shipping, Inc., 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994)). For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The party seeking injunctive relief bears the burden of showing that all four factors weigh in favor of preliminary relief. Winback & Conserve, 42 F.3d at 1427.

Here, Plaintiff's Amended Complaint does not show a likelihood of success on the merits. Specifically, the relief sought by Plaintiff is not supported by the underlying indisputable facts: Plaintiff does not dispute that she defaulted on the loan payments, defaulted in the foreclosure action, or that the subject property has since been sold. Moreover, as the foreclosure judgment has been entered and the subject property has been sold, Plaintiff cannot show what irreparable harm would be suffered if the Court denies an injunction, how granting injunctive relief would not result in an even greater harm to Defendant, or that the public interest weighs in favor of granting Plaintiff such relief.

Accordingly, Plaintiff fails to set forth the necessary elements for injunctive and declaratory relief, and, for this additional reason, the Court dismisses Counts I and II of the Amended Complaint.

## V.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Amended Complaint is granted without prejudice. To the extent the deficiencies in Plaintiff's Amended

Complaint can be cured by way of amendment, Plaintiff is granted thirty (30) days to file a second amended complaint solely for purposes of amending the dismissed claims.

An appropriate Order accompanies this Opinion.

Dated: July 26, 2016

_____
**CLAIRE C. CECCHI, U.S.D.J.**